<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| ASLI UYAR, | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **3:16-cv-00186-VLB** |
| | ) | |
| **ESME SELI and YALE UNIVERSITY** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

<u>DEFENDANT YALE UNIVERSITY'S ANSWER</u>
<u>TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendant Yale University ("Yale"), by and through its attorneys, McCarter & English, LLP, responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.      The allegations in Paragraph 1 are legal conclusions to which no response is required.

2.      Admits the allegations in Paragraph 2.

3.      Admits the allegations in Paragraph 3.

4.      Admits the allegations in Paragraph 4.

5.      Admits the allegations in Paragraph 5.

6.      Denies the allegations in Paragraph 6, except admits that, in August 2011, Plaintiff started a post-doctoral fellowship in the Department of Obstetrics, Gynecology, and Reproductive Sciences.

7.      Denies the allegations in Paragraph 7, except admits that Plaintiff's appointment was in the laboratory of Dr. Seli.

8.      Denies the allegations in Paragraph 8.

9.      Denies the allegations in Paragraph 9.

10.     Denies the allegations in Paragraph 10, except admits that if Plaintiff's relationship with Yale was terminated (which it was not), her visa status might have been impacted if she were not able to find an appointment or employment elsewhere.

11.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except admits that Plaintiff and Seli have admitted to having an intimate relationship and that both parties were married at the time the relationship began.

12.     Denies the allegations in Paragraph 12, except admits that Plaintiff and Dr. Seli began a romantic and sexual relationship in or about September 2012.

13.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

15.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, except admits that both Plaintiff and Dr. Seli have reported that their intimate relationship ended May 31, 2014.

ME1 24481008v.4

18.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except admits that both Plaintiff and Dr. Seli have reported that Dr. Seli's wife first became aware of their relationship on May 31, 2014.

19.     Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, except denies that Defendant Seli took any official action to terminate Plaintiff at any time.

20.     Admits the allegations in Paragraph 20, except avers that Colleen Gobel is Mangager, OB/GYN.

21.     Admits the allegations in Paragraph 21; except avers that the forward was sent by Dr. Seli as opposed to the Manager, OB/GYN.

22.     Admits the allegations in Paragraph 22 assuming they relate back to the content of the email set forth in Paragraph 20.

23.     Admits the allegations in Paragraph 23, except denies that the allegations are an accurate quote or true portrayal of the full email, which speaks for itself.

24.     Admits the allegations in Paragraph 24, except denies that the allegations are an accurate quote or true portrayal of the full email, which speaks for itself.

25.     Denies the allegations in Paragraph 25.

26.     Denies the allegations in Paragraph 26.

27.     Denies the allegations in Paragraph 27.

ME1 24481008v.4

28.     Denies the allegations in Paragraph 28, except admits that at least one of Dr. Seli's emails was forwarded to his wife's email address and that Dr. Seli's wife had no professional relationship with Plaintiff.

29.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Denies the allegations in Paragraph 30, except admits that Defendant Seli sent an email to his administrative assistant telling her which conferences Plaintiff would and would not be attending.

31.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Lacks knowledge or information sufficient to form a belief with regard to the allegations in Paragraph 36, except on information and belief admits that Dr. Seli met with Maria Lalioti at some point in June 2014.

37.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

4

38.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     Denies the allegations in Paragraph 40, except admits that Plaintiff was sent an email regarding her visa status on or about June 18, 2014, the content of which speaks for itself.

41.     Admits the allegations in Paragraph 41; except avers the date is June 24, 2014, not 2104 and denies that the summary of the complaint made to Hugh Taylor is fully accurate and complete.

42.     Denies the allegations in Paragraph 42 because Plaintiff had never been terminated or precluded from working, but admits that Dr. Taylor made clear that, to the extent she believed she was precluded from work, she was not.

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

45.     Denies the allegations in Paragraph 45.

46.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, except denies that affirmative steps were taken by Dr. Seli to separate Plaintiff from her employment with Defendant Yale.

47.     Denies the allegations in Paragraph 47.

48.     Denies that Plaintiff was constructively discharged.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49.     Denies the allegations in Paragraph 49.

50.     Denies the allegations in Paragraph 50.

**COUNT ONE:**        *Sex Discrimination in Violation of Title VII (Yale University)*

1.     Yale incorporates its answer to Paragraphs 1 through 50 as if set forth here.[1]

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Denies allegations in the Paragraph 44.

45.     Denies the allegations in Paragraph 45.

**COUNT TWO:**        *Quid pro quo sexual harassment in violation of Title VII (Yale University)*

1.     Yale incorporates its answers to all of the foregoing paragraphs as if fully set forth here.

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

45.     Denies the allegations in Paragraph 45.

**COUNT THREE:**     Retaliation in violation of Title VII (Yale University)

1.     Yale incorporates its answers to all of the foregoing paragraphs as if fully set forth here.

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

---

[1] **The numbering of Yale's Answer from this point forward mirrors the number of the Amended Complaint which is repetitive and non-consecutive.**

45.     Denies the allegations in Paragraph 45.

46.     Yale denies the allegations in Paragraph 46.

**COUNT FOUR:** *Sexual harassment in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq. (Yale University)*

**DISMISSED**

**COUNT FIVE:** *Tortious Interference with Business Expectancy (Emre Seli)*

**DISMISSED**

**COUNT SIX:** *Defamation (Emre Seli)*

1.     The allegations in Count Six are directed at Dr. Seli and no response from Yale is required.

**COUNT SEVEN:** *Negligent Infliction of Emotional Distress (Emre Seli)*

**DISMISSED**

**COUNT EIGHT:** *Invasion of Privacy – Unreasonable Publicity (Emre Seli)*

1.     The allegations in Count Eight are directed at Dr. Seli and no response from Yale is required.

**COUNT NINE:** *Invasion of Privacy – False Light (Emre Seli)*

1.     The allegations in Count Nine are directed at Dr. Seli and no response from Yale is required.

**COUNT TEN:** *Negligent Supervision (Yale University)*

1.     Yale incorporates its answers to all of the foregoing paragraphs as if fully set forth here.

42.     Denies the allegations in Paragraph 42, except admits that Yale has policies and procedures in place that address the type of conduct alleged to have occurred in the Amended Complaint.

ME1 24481008v.4

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

45.     Denies the allegations in Paragraph 45.

46.     Denies the allegations in Paragraph 46.

47.     Denies the allegations in Paragraph 47.

<u>DEFENSES</u>

<u>FIRST DEFENSE</u>

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

<u>SECOND DEFENSE</u>

Plaintiff's claim, in whole or in part, is barred by the applicable statutes of limitations.

<u>THIRD DEFENSE</u>

All actions taken by Yale with respect to Plaintiff were based on legitimate business reasons and were made in good faith compliance with all applicable laws.

<u>FOURTH DEFENSE</u>

Plaintiff has failed to mitigate any alleged damages.

<u>FIFTH DEFENSE</u>

The Complaint fails to state a claim for which compensatory, punitive damages, liquidated damages and other relief sought in the Complaint may be awarded.

## SIXTH DEFENSE

Yale's actions were not the proximate cause of any alleged economic, psychological or emotional injuries claimed by Plaintiff.

## SEVENTH DEFENSE

Yale took no tangible adverse employment action against Plaintiff.

## EIGHTH DEFENSE

Yale exercised reasonable care to prevent and/or promptly correct the alleged harassing behavior.

## NINTH DEFENSE

Plaintiff unreasonably failed to take advance of any preventative or corrective opportunities provided by Yale.

## TENTH DEFENSE

Plaintiff's relationship with Defendant Seli was consensual and welcome.

## ELEVENTH DEFENSE

Any harm alleged to have been suffered by Plaintiff was a direct consequence of her volitional conduct not reasonably foreseeable by Yale.

Yale reserves its right to assert further defenses should such further defenses become known to it during the litigation of this action.

ME1 24481008v.4

WHEREFORE, Yale requests that this Court:

a.    Dismiss Plaintiff's Complaint with prejudice;

b.    Award Yale attorneys' fees and costs of suit;

c.    Award Yale such other relief as the Court may deem just and equitable.

Dated:  April 3, 2017          RESPECTFULLY SUBMITTED,
Hartford, Connecticut          THE DEFENDANT,
                               YALE UNIVERSITY


                          By: */s/ Tiffany R. Hubbard*
                               Pamela J. Moore (ct08671)
                               Tiffany R. Hubbard (ct28247)
                               McCarter & English, LLP
                               CityPlace I
                               185 Asylum Street
                               Hartford, Connecticut 06103
                               Tel.:  (860) 275-6700
                               Fax:  (860) 724-3397
                               Email:  pmoore@mccarter.com
                               Email:  thubbard@mccarter.com
                               Its Attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically, this 3rd day of April, 2017.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Tiffany R. Hubbard*
**Tiffany R. Hubbard (ct28247)**

ME1 24481008v.4