UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ASLI UYAR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:16-cv-186 |
| | : | |
| EMRE SELI and YALE UNIVERSITY, | : | May 15, 2017 |
|     Defendants. | : | |

**ORDER DENYING PLAINTIFF'S REQUEST FOR CONFERENCE [DKT. NO. 55] AND DENYING DEFENDANT EMRE SELI'S
<u>MOTION FOR PROTECTIVE ORDER [DKT. NO. 53]</u>**

On May 10, 2017, Plaintiff Asli Uyar ("Uyar" or "Plaintiff") asked the Court to schedule a discovery conference to resolve discovery disputes regarding: (1) Defendant Emre Seli's ("Emre" or "Defendant") refusal to testify about text messages that Plaintiff produced shortly before his deposition; and (2) Defendant's pending motion for a protective order to prevent the Plaintiff from deposing his wife, Meltem Seli ("Meltem"). These disputes can be resolved without a discovery conference. With respect to the first issue, the Court orders Emre to make himself available for a one-hour deposition, at which Plaintiff may question Emre solely about text messages between Uyar and Emre. For the reasons that follow, Meltem must also be produced for a deposition. The Scheduling Order [Dkt. No. 49] will be amended to accommodate these depositions.

Meltem refused to appear for her deposition, invoking a right not to testify against her husband, pursuant to the adverse spousal testimony privilege afforded by Connecticut law. [Dkt. No. 53-1 at 2]. State and federal law differ with respect to spousal privileges. "Connecticut law recognizes the privilege against

1

adverse spousal testimony in civil cases." *Breadventures, Inc. v. Mrvic*, No. CV000180681, 2002 WL 442271, at *2 (Conn. Super. Ct. Feb. 22, 2002). By contrast, federal law recognizes a similar adverse spousal testimony privilege only in criminal cases. *See United States v. Premises Known as 281 Syosset Woodbury Rd., Woodbury, N.Y.*, 71 F.3d 1067, 1070 (2d Cir. 1995). In federal civil cases, the narrower "marital communications privilege" applies. *See id.* This privilege "seeks only to protect the intimacy of private marital communications" and "can be invoked by either spouse to prevent the revelation of such communications." *Id.* (quotations omitted).

Pursuant to Federal Rule of Evidence 501, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." However, Rule 501 does not mandate the application of state law in federal question cases in which federal courts exercise pendent jurisdiction over state claims. In these cases, federal privilege law controls. *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); *Grenier v. Stamford Hosp. Stamford Health Sys., Inc.*, No. 3:14-CV-0970 (VLB), 2016 WL 3951045, at *2 (D. Conn. July 20, 2016) ("[I]n a civil case such as this, where there is both a federal . . . claim and a state . . . claim and where the facts necessary to prove both claims overlap, a single rule applies, and that rule is federal privilege law."). Meltem's anticipated testimony is likely relevant to the federal civil rights claims at issue in this case, and it therefore is governed by federal privilege law.

Because Meltem may only assert a marital communications privilege, and not all communications between a husband and wife are privileged in this civil

context, she cannot assert a privilege to forestall testifying about subject matters to which this privilege does not apply. These subject matters include: (1) the facts and circumstances surrounding her attendance at a professional conference; (2) conversations which were not of a confidential nature; (3) statements her husband made to her and repeated to others; and (4) other non-privileged matters. The Court must therefore DENY Defendant's Motion for Protective Order. The parties are invited to call the Court during Meltem's deposition if they would like the Court to adjudicate objections to the disclosure of specific spousal communications.

SO ORDERED this 15th day of May 2017, at Harford, Connecticut

\_\_\_/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE